# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEANGELO LAMONT MITCHELL,  )
                           )
         Petitioner,       )     **Case No. 3:06-cv-00066-RCJ-LRL**
                           )
vs                         )
                           )                ORDER
D.W. NEVINS, *et al.*,     )
                           )
         Respondents.      )

Before the court are Petitioner's Motion for Appointment of Counsel (Docket #7), Motion for Production of Information (Docket #8), and Motion for Leave to Amend Original Habeas Corpus Petition (Docket #12).

**A.    Motion for Appointment of Counsel (Docket #7)**

Petitioner has asked that this court provide him with appointed counsel to assist with his habeas corpus petition. There is no constitutional right to appointed counsel in a habeas corpus proceeding under 28 U.S.C. § 2254. *McClasky v. Zant,* 499 U.S. 467, 495 (1991); *Chaney v. Lewis,* 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied,* 481 U.S. 1023 (1987). By statute, district courts have discretion to appoint an attorney in habeas corpus proceedings when "the interests of justice so require and [the prisoner] is financially unable to obtain representation." 18 U.S.C. § 3006A(g); *see also LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir.

1987). In determining whether the interests of justice would be served by the appointment of counsel, the court examines both the likelihood of success on the merits of the petition, and the petitioner's ability to articulate his claims in light of their legal complexity. *Weygandt v. Look,* 954 F.2d 952, 954 (9th Cir. 1983); *Agyeman v. Corrections Corp. Of America,* 390 F.3d 1101, 1103 (9th Cir. 2004).

The court finds that the interests of justice do not require counsel to be appointed in this case. Petitioner has demonstrated that he can coherently present his claims without counsel, and those claims are not particularly complex. Indeed, Petitioner has managed to file an application to proceed in forma pauperis, several motions, and an amended habeas petition all without the assistance of counsel. The court will deny Petitioner's motion without prejudice, and Petitioner may raise the issue again if he can demonstrate that his circumstances have substantially changed.

**B.     Motion for Production of Information (Docket #8)**

Petitioner's motion for production of information asks this court to order Respondents to answer his habeas corpus petition. Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondents are not required to answer a habeas corpus petition until the court so orders. Petitioner's motion will be granted, and Respondents will be ordered to respond to Petitioner's amended habeas corpus petition.

**C.     Motion for Leave to Amend Original Habeas Corpus Petition (Docket #12)**

Petitioner has submitted an amended habeas corpus petition. Federal Rule of Civil Procedure (FRCP) 15 applies to the amendment of habeas petitions. FRCP 15(a).[1]

---

[1] "The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by [28 U.S.C. § 2242], Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with 'leave of court' any

2

1  Specifically, FRCP 15(a) permits a party to amend the party's pleading once as a matter of
2  course at any time before a responsive pleading is served.  Motions to dismiss are not
3  considered responsive pleadings for the purposes of FRCP 15.  *See, Shaver v. Operating*
4  *Engineers Local 428 Pension Trust Fund,* 332 F.3d 1198 (9th Cir. 2003); *Tahoe-Sierra*
5  *Preservation Council, Inc. v. Tahoe Regional Planning Agency,* 216 F.3d 764 (9th Cir. 2000).
6  Therefore, because Respondents have not yet filed a responsive pleading in this case, Petitioner
7  is entitled to amend his habeas petition once as a matter of course without leave of court.
8  Generally, amended pleadings must be complete in themselves, including all exhibits and
9  attachments.  LR 15-1(a).  Petitioner has submitted an amended habeas petition that is
10  complete in itself.  Petitioner's motion will be granted, and the court will order the Clerk to file
11  the amended habeas petition and serve it on Respondents.

12  **IT IS THEREFORE ORDERED** that Petitioner's Motion for Appointment of
13  Counsel (Docket #7) is **DENIED** without prejudice.  Petitioner may resubmit his motion in the
14  future if he can demonstrate that his circumstances have substantially changed.

15  **IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Amend
16  Original Habeas Corpus Petition (Docket #12) is **GRANTED**.  The Clerk shall file the amended
17  habeas corpus petition and serve it on Respondents by certified mail.  Petitioner's amended
18  habeas corpus petition shall supercede all previous habeas petitions filed in this matter.
19  ...
20  ...
21  ...
22  ...
23  ...
24  ...

---

25
26  time during a proceeding." *Mayle v. Felix,* 125 S.Ct. 2562, 2569 (2005).

3

**IT IS FURTHER ORDERED** that Petitioner's Motion for Production of Information (Docket #8) is **GRANTED**. Respondents shall have thirty (30) days from the date they are served with Petitioner's amended habeas corpus petition in which to answer or otherwise respond to the petition. If Respondents file and serve an answer, they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have twenty (20) days from the date on which the answer is served to file a reply.

Dated this 26th day of March, 2007.

_____
UNITED STATES MAGISTRATE JUDGE